# EXHIBIT 1

IN THE CIRCUIT COURT OF THE<br>
11TH JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI-DADE COUNTY, FLORIDA

SANTIAGO JIMENEZ,

    Plaintiff,

vs.  Case No.

AKIMA GLOBAL SERVICES, LLC,

    Defendant.

_____/

# COMPLAINT

Plaintiff, SANTIAGO JIMENEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, AKIMA GLOBAL SERVICES, LLC ("Defendant"), and alleges as follows:

1. This is an action for damages resulting from Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. and Section 440.205 of the Florida Statutes.[1]

2. This is an action for damages that exceeds $75,000.00 exclusive of interest, attorney's fees and costs.

3. Plaintiff is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4. Defendant at all times material hereto, carried on a business venture in Miami-Dade County, Florida, and was engaged in substantial activity within this state and Miami-Dade County.

---

[1] As a result of Defendant's unlawful actions set forth herein, Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging disability discrimination and retaliation in violation of Plaintiff's rights under Title VII and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff will amend the Complaint to include these additional claims as such time when all required administrative remedies have been appropriately exhausted.

5. The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

6. Defendant employs fifteen (15) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year.

7. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months.

8. All conditions precedent to bringing this action have occurred, been performed, or been excused.

9. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

10. This is an action for declaratory and injunctive relief and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment of and retaliation against Plaintiff.

11. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

12. Defendant is Foreign Limited Liability Company authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff suffers from epilepsy and is within a class of individuals protected by the ADA and the FCRA.

2. On or about January 19, 2016, Defendant hired Plaintiff as a Supervisor.

3. On or about May 31, 2018, Plaintiff had a seizure at work.

4. Plaintiff was immediately transported to the emergency room and was hospitalized for several days.

5. On or about June 4, 2018, Plaintiff was discharged from the hospital and emailed agent of Defendant and Human Resources employee, Karen Sinanan, regarding next steps so that Plaintiff could return to work.

6. On or about June 26, 2018, Plaintiff applied for FMLA.

7. On or about July 26, 2018, Plaintiff's request for FMLA was approved. Plaintiff was approved for a 12 week leave, but Defendant began Plaintiff's FMLA on May 31, 2018—the day that Plaintiff had his seizure—without notifying Plaintiff.

8. On or about August 31, 2018, Plaintiff's FMLA ended, at which point Plaintiff again reached out to Karen regarding his return to work. However, Plaintiff did not receive a response from Karen.

9. On or about September 12, 2018, Defendant asked Plaintiff to submit a "fit for duty" form, which is a medical clearance from Plaintiff's physician. Plaintiff submitted this to Defendant right away, but he did not receive a response from Defendant.

10. Throughout the month of September, Plaintiff continuously made attempts to contact Karen regarding his employment with Defendant. On or about September 30, 2018, Karen informed Plaintiff that his "fit for duty" was not accepted. Notably, the only restriction Plaintiff's doctor had given him was that he was not to drive, so Plaintiff explained to Karen that this restriction would in no way affect his ability to carry out his employment duties. Karen informed Plaintiff that she would have to submit Plaintiff's paperwork to the main Human Resources

department in California. Plaintiff continued to attempt to reach out to Karen but did not receive a response.

11. On or about December 28, 2018, Plaintiff received a call from agent of Defendant and Project Manager, Michelle Jones, and was notified that he was being terminated.

12. Plaintiff was able to perform essential function of the job and fulfilled his job duties and responsibilities at relevant times.

13. Defendant terminated Plaintiff's employment and did not allow Plaintiff to re-commence work for Defendant.

14. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations (Charge No. 15C-2019-00061).

15. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Interference with Rights Under the FMLA*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. Plaintiff is an individual entitled to protection under the FMLA.

18. Plaintiff is an employee within the meaning of the FMLA.

19. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

20. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights.

21. Defendant's actions constitute violations of the FMLA.

22. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation Under the FMLA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

24. Plaintiff is an individual entitled to protection under the FMLA.

25. Plaintiff is an employee within the meaning of the FMLA.

26. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

27. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

28. Defendant's actions constitute a violation of the FMLA.

29. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award his front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation Under Fla. Stat. § 440.205*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

31. As a result of Plaintiff's work-related injuries, Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

32. Defendant's termination of Plaintiff was thus in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

33. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Fla. Stat. § 440.205 and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
*Disability Discrimination in Violation of the ADA*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

35. Plaintiff is a member of a protected class under the ADA.

36. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

37. Such discrimination was based upon Plaintiff's disability in that Plaintiff would not have

been the object of discrimination but-for the fact that Plaintiff is an epileptic.

38. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

39. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

40. Defendant summarily terminated Plaintiff's employment based on a disability that did not affect his ability to carry out duties of his job.

41. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, had his employment terminated, and has suffered emotional distress and damage.

42. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

43. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully,

    intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Retaliation in Violation of the ADA*

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

46. Plaintiff is a member of a protected class under the ADA.

47. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

48. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

49. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

51. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT VI
### *Disability Discrimination in Violation of the FCRA*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

54. Plaintiff is a member of a protected class under the FCRA.

55. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

56. Such discrimination was based upon Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is an epileptic.

57. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

58. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

59. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

62. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

63. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
*Retaliation in Violation of the FCRA*

64. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

65. Plaintiff is a member of a protected class under the FCRA.

66. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

67. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

68. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

69. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal law.

70. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

71. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful

employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 4, 2021

                                        Respectfully submitted,


                                        /s/ Peter M. Hoogerwoerd
                                        Peter M. Hoogerwoerd, Esq.
                                        Florida Bar Number: 188239
                                        pmh@rgpattorneys.com
                                        **REMER & GEORGES-PIERRE, PLLC**
                                        44 West Flagler Street, Suite 2200
                                        Miami, FL 33130
                                        Telephone: (305) 416-5000
                                        Facsimile: (305) 416-5005

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Santiago Jimenez</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Akima Global Services, LLC</u>
Defendant

    **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

    **III.    TYPE OF CASE**    (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

    **V.    NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

    7

    **VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.
        No

    **VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd        Fla. Bar # 188239
        Attorney or party        (Bar # if attorney)

Peter M Hoogerwoerd        02/04/2021
(type or print name)        Date